**NOT FOR PUBLICATION**

AUG 02 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NATIONAL ACCOUNT MANAGEMENT, INC.; BUSINESS GROWTH FUNDING, INC., | No. 08-55647 |
| Plaintiffs - Appellants, | D.C. No. 8:07-cv-00333-JVS-RNB |
| v. | |
| SHELLY S. SINGHAL; NICOLE MARTIN; SBI BRIGHTLINE, V, LLC; SBI E-2 CAPITAL LTD; SBI E-2 CAPITOL, | MEMORANDUM[*] |
| Defendants - Appellees, | |
| and | |
| SBI-USA, LLC, a California Limited Liability Company, | |
| Defendant-third-party-plaintiff - Appellee, | |
| _____, | |
| NATHAN W. DRAGE, an individual; ADRIAN WILSON, an individual, | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Third-party-defendant.

NATIONAL ACCOUNT
MANAGEMENT, INC.; BUSINESS
GROWTH FUNDING, INC.,

        Plaintiffs - Appellants,

  v.

SHELLY S. SINGHAL; NICOLE
MARTIN; SBI BRIGHTLINE, V, LLC,

        Defendants - Appellees.

No. 08-56140

D.C. No. 8:07-cv-00333-JVS-RNB

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted April 11, 2013[**]
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and SIMON, District Judge.[***]

National Account Management, Inc. and Business Growth Funding, Inc.

(collectively National), appeal the district court's dismissal of their First Amended

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Complaint on the motion of Shelley Singhal, Nicole Martin, and SBI Brightline V LLC's (collectively Moving Parties), and the grant of summary judgment in favor of SBI-USA.

1.      The judgment in this case was sufficiently final to confer jurisdiction upon this court. The district court's order granting the Moving Parties' motion to dismiss fully adjudicated all claims against the Moving Parties. The district court's order granting SBI-USA's motion for summary judgment fully adjudicated all claims against SBI-USA. The parties proceeded as though final judgment was entered, and National filed a timely appeal. Because the district court's order evidenced intent to finalize the case, (dismissal with prejudice); (granting summary judgment motion in its entirety) and the parties proceeded as if final judgment was entered, we have jurisdiction. *See Long v. Cnty. of L.A.*, 442 F.3d 1178, 1184 n.3 (9th Cir. 2006).

2.      In two separate orders, the district court directed National to serve its complaint on the Moving Parties. The district court acted within its discretion when it dismissed National's complaint because: (1) National failed to comply with the two district court orders; (2) National failed to timely serve the Moving

3

Parties; (3) National failed to provide good cause for the untimeliness of service; and (4) there was no less harsh alternative available. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004) (explaining that when a plaintiff fails to respond to a court's ultimatum, a Rule 41(b) dismissal is warranted); *see also Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002) (concluding that the district court did not abuse its discretion in dismissing claims for failure to prosecute when the plaintiff failed to effectuate service within the 120-day period and to respond to the court's order to show cause).

**3.** The district court did not err in granting SBI-USA's motion for summary judgment. National failed to raise any issues of material fact regarding its claim that SBI-USA wrongly transferred stock certificates. *See S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1087 (9th Cir. 2010), *as amended* (applying the summary judgment standard to security transactions).

**4.** The district court did not abuse its discretion by exercising declaratory jurisdiction over the dispute between National and the Moving Parties. This case involved a basic contract dispute between diverse parties. *See Allstate Ins. Co. v.*

4

*Herron*, 634 F.3d 1100, 1108 (9th Cir. 2011) (approving declaratory judgment in a similar context).

**AFFIRMED.**